IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHARMERICA CORPORATION,       )
                              )
              Plaintiff,      )
                              )
       v.                     )   No. 13 C 1422
                              )
CRESTWOOD CARE, LLC           )
                              )
              Defendant.      )

# **OPINION AND ORDER**

This case is before the court by a convoluted route. Despite being before at least five different district or magistrate judges and having been expressly provided with at least two opportunities to establish the existence of proper diversity jurisdiction, the parties have yet to Properly establish jurisdiction. Today, the case will be dismissed without prejudice for lack of subject matter jurisdiction and, if there actually is proper diversity jurisdiction, plaintiff may move to reinstate within the time permitted by Fed. R. Civ. P. 59(e). Any such motion to reinstate must be accompanied by a proposed amended complaint adequately and fully alleging the citizenship of all parties.

On August 21, 2012, this case was filed in the Western District of Kentucy, Louisville Division. Plaintiff Pharmerica Corporation brought suit against Crestwood Care Centre, L.P. ("Crestwood L.P.") alleging breach of contract and related state law claims. Plaintiff alleged there was diversity jurisdiction in that it was a Delaware corporation with its principal place of business in Kentucky and Crestwood L.P. was an Illinois limited partnership with its principal place of business in Morton Grove, Illinois and "[u]pon information and belief, none of its partners are citizens of Delaware or Kentucky." 6961 ECF 1 ¶¶ 2-3.[1] Nine days later, plaintiff filed the Amended Complaint, reciting the same diversity allegations. 6961 ECF 5 ¶¶ 2-3. In September 2012, Crestwood L.P. moved to transfer the case to the Northern District of Illinois. 6961 ECF 11. That motion pended for a substantial period of time and, in the interim, Pharmerica moved to dismiss Crestwood L.P.'s counterclaim.

In February 2013, in this District, nonparties to the Kentucky case filed a motion to quash subpoenas served by a party in the Kentucky case. This miscellaneous case was docketed in the Northern District of Illinois as No. 13 C

---

[1]As will be explained below, the pleadings in the present case may be found in No. 13 C 6961 in this District. Docket entries from that case number will be cited as "6961 ECF."

1422 and assigned to Judge Gottschall.. On June 13, 2013, Judge Gottschall resolved the discovery motions. ECF 22.**²**

On September 26, 2013, the Kentucky court granted the motion to transfer the case to the Northern District of Illinois. 6961 ECF 32. The transferred case was docketed as No. 13 C 6961 and assigned to Judge Kennelly. On October 9, 2013, Judge Kennelly entered an order stating in part: "Jurisdiction is based on purported diversity of citizenship, but the Court needs to ascertain that jurisdiction actually exists. Defendant is directed to submit in writing, by no later than 10/16/2013, a statement listing, completely, the citizenship of each of the partners of the defendant, which is a limited partnership. The case is set for a status hearing on 10/23/2013 . . . ." 6961 ECF 36. A statement was timely filed, *see* 6961 ECF 37, but prior to the Judge Kennelly status hearing, No. 13 C 6961 was reassigned to Judge Gottschall based on a finding of relatedness to No. 13 C 1422. 6961 ECF 38. There is no indication on the docket whether or not Judge Gottschall considered the supplemental jurisdictional filing that had been submitted to Judge Kennelly.

---

**²**Citations to the record in 13 C 1422 will be to "ECF."

Following the relatedness finding, pleadings were being filed on the dockets of both 13 C 1422 and 13 C 6961.  On January 31, 2014, Judge Gottschall granted the motion to dismiss the counterclaim.  6961 ECF 48.  At that time she closed 13 C 6961 and directed that all further filings be filed only on the 13 C 1422 docket.  The pending Amended Complaint and supplemental statement of jurisdiction were never actually filed on the 13 C 1422 docket.  They can only be found on the 13 C 6961 docket.

The parties continued to engage in discovery and may have completed all discovery.  On August 4, 2014, defendant moved to amend its counterclaim and that motion was fully briefed and taken under advisement by Judge Gottschall.  On September 3, 2014, Pharmerica moved for summary judgment and also filed a related motion *in limine* to preclude consideration of the expert testimony of defendant's expert.  Those motions were fully briefed by October 17, 2014.  On January 29, 2015, No. 13 C 1422 was reassigned to Judge Hart.  On February 13, 2015, the parties moved to hold a telephonic conference.  In looking through the case file for the pending complaint, the deficient jurisdictional allegations in the pending Amended Complaint and supplemental jurisdictional statement were found.  The supplemental jurisdictional statement provides an undated list of

Crestwood L.P. partners and their mailing addresses and further states that none is or has been a "resident" of Kentucky. No representation is made as to the domicile of any individual partner. Some partners are crossed off, indicating they are no longer partners, but not stating when they stopped being partners. Listed partners include corporations, yet the principal place of business and state of incorporation are not listed. Some partners have names indicating they are partnerships,[3] but there is no allegation as to the citizenship of the partners of these partnerships. Some partners have names that include "LLC," but there are no allegations regarding the citizenship of the members of the LLCs. Some partners are trusts, but the trustees or beneficiaries and their citizenship is not alleged. Some partners have addresses in Israel and it is not alleged whether they are domiciled in Israel nor whether they are citizens of Israel, the United States, dual citizens of both countries, or citizens of some other country.

Additionally, the October 14, 2013 declaration accompanying the list states that Crestwood Care, LLC ("Crestwood LLC") was "formerly known" as Crestwood L.P. Presumably, this means that Crestwood L.P. ceased to exist and was incorporated as an LLC. At the time that occurred, Crestwood LLC became

---

[3]One partner is Krupnick Bokor Associates, which presumably is also a partnership, but may be a corporation.

the defendant in this case. Technically, this is entry into the case of a new party so, assuming this occurred after the August 2012 filing of this case, diversity may have to be determined as of the date Crestwood L.P. ceased to exist.

In light of finding the deficient supplemental statement of jurisdiction on the 13 C 6961 docket, on February 18, 2015, the following order was entered: "Within 14 days, plaintiff shall file a supplementary statement of jurisdiction setting forth the citizenship of all members of Crestwood Care LLC as of the date it was substituted into the case as [defendant.[4]] Plaintiff is reminded that the citizenship of each individual member is that individual's domicile, not simply his or her mailing address or residence unless it is also the individual's domicile. Also, to the extent any member of the LLC is a partnership or LLC, the citizenship of every partner/member of the partnership/LLC must be adequately alleged." ECF 82.

In response, plaintiff moved to substitute Crestwood LLC as the defendant and provided the same undated list of partners and addresses that had been filed in response to Judge Kennelly's Order. Plaintiff also provides an interrogatory response of defendant stating: "Crestwood Care Centre L.P.

---

[4]The order mistakenly referred to Crestwood LLC as the plaintiff, but plaintiff recognized the unintended error.

converted to Crestwood Care, L.L.C." ECF 83-1. The date of the conversion is not stated. Plaintiff further contends that Crestwood L.P. has not previously been substituted in as a defendant and requests that it now be substituted in. Presently, the court will assume that Crestwood LLC was substituted in as a matter of law whenever the conversion occurred. Regardless of whether the citizenship pertinent to the diversity determination is Crestwood L.P.'s partners as of the date the case was filed, Crestwood LLC's members as of the "conversion" (or as of the case filing date if the conversion occurred before the case was filed in Kentucky), or Crestwood LLC's members as of entry of today's Order when Crestwood LLC is expressly being substituted in, plaintiff still has not provided sufficient allegations establishing the citizenship of either Crestwood L.P.'s partners or Crestwood LLC's members, nor has it even set forth who the partners or members were on any pertinent date.[5]

---

[5]If plaintiff moves to reinstate the case, it should address the question of the appropriate date for determining diversity and whether Crestwood L.P. or Crestwood LLC should be considered. As today's Order was being prepared to be issued, plaintiff filed another supplementary statement of jurisdiction [ECF 85] stating that it and defendant's counsel had recently learned that Crestwood LLC is actually a single-member LLC with the sole member being Crestwood Heights Nursing Centre, an Illinois limited partnership with the same partners as had been the partners of Crestwood L.P. except for one additional partner who is an Illinois "resident." That does not change the analysis in today's opinion. Diversity still has not been adequately alleged. One additional layer of partnership has been

The burden is on plaintiff to establish that complete diversity exists. *Lake v. Hezebicks*, 2014 WL 1874853 *1 (N.D. Ind. May 9, 2014). Plaintiff must specifically and affirmatively identify the citizenship of every pertinent person and entity; it is not sufficient to assert jurisdiction based on information and belief nor is it sufficient to negatively aver that the person or entity is not a citizen of Delaware or Kentucky. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073-74 (7th Cir. 1992); *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. July 10, 2006); *McNeal v. Parsons*, 2006 WL 2038588 *1 (N.D. Ind. July 19, 2006); *Hernandez v. Am. Family Mut. Ins. Co.*, 2000 WL 1863367 (S.D. Ill. Dec. 14, 2000). As to a limited liability corporation or partnership, the citizenship of each member or partner must be individually and specifically set forth. *Best Inns*, *supra*; *Mathes v. Bayer Corp.*, 2009 WL 2601364 *2 (S.D. Ill. Aug. 24, 2009). As to each member of Crestwood LLC (or partner of Crestwood L.P.), plaintiff must sufficiently allege: "(1) the state of which any natural person who is a member of [Crestwood LLC] is a citizen, meaning the state where that person is domiciled, that is, physically present with an intent to remain there indefinitely, [which is not necessarily the same as the person's mailing address or

---

added that would still require that the citizenship of all the partners (and sub-partners) be adequately alleged.

residence]; (2) the state where any corporation that is a member of [Crestwood LLC] is incorporated and the state where the corporation maintains its principal place of business, defined, as noted, as the state where the corporation has its headquarters or nerve center; (3) the state of citizenship of the trustee or trustees of any trust that is a member of [Crestwood LLC] unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust is that of its beneficiary or beneficiaries; and (4), if any member of [Crestwood LLC] is a partnership, limited liability company, or other unincorporated association, the citizenship of every member of such an association." *Id.* And if a member that is an LLC/partnership itself has an LLC/partnership as a member/partner, the citizenship of all the members/partners of that LLC/partnership must also be alleged and so on.

There is one more jurisdictional issue that may arise regarding the members of Crestwood LLC. Among the listed partners are persons with addresses in Israel. Since most of the listed partners have addresses in Illinois, these may be people who once lived in Illinois and are now domiciled in Israel. If, as of the pertinent date, any member or partner was a United States citizen domiciled in a foreign country, complete diversity cannot be satisfied. ***Newman-***

*Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989). This is also true if the person is a dual citizen of both the United States and the foreign country. *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 455 (7th Cir. Aug. 6, 2009); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003); *Morgan, Lewis & Bockius LLP v. City of East Chicago*, 2008 WL 4812658 *1 (N.D. Ill. Oct. 29, 2008); *United Torah Educ. & Scholarship Fund, Inc. v. Solomon Capital LLC*, 2014 WL 4058486 *2 & n.1 (S.D.N.Y. Aug. 14, 2014).

The jurisdictional allegations in plaintiff's original and amended complaints were deficient. Two different judges have ordered plaintiff to adequately allege the citizenship of all partners or members of defendant, but plaintiff has continued to fail to provide the allegations. Also, the possible presence of members or partners who are United States citizens domiciled in a foreign country may prevent any possibility of satisfying diversity jurisdiction. At this time, the case will be dismissed without prejudice for failure to adequately establish diversity jurisdiction. Plaintiff will still have the opportunity, within the time period permitted by Fed. R. Civ. P. 59(e), to move to vacate the judgment and file an amended complaint adequately setting forth the citizenship of all members

or partners of defendant. Any such motion must be accompanied by the proposed amended complaint.

IT IS THEREFORE ORDERED that the March 12, 2015 status hearing date is stricken. Plaintiff's motion to substitute [83] is granted in part and denied in part. The Clerk of the Court is directed to amend the docket substituting Crestwood Care, LLC for defendant Crestwood Care Centre L.P. Defendant's motions to amend counterclaim [57] , for summary judgment [64], and *in limine* [68] are denied without prejudice as moot. The Clerk of the Court is further directed to enter judgment (a) in favor of defendant Crestwood Care, LLC and against plaintiff Pharmerica Corporation dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction and (b) in favor of plaintiff Pharmerica Corporation and against defendant Crestwood Care, LLC dismissing

defendant's counterclaim without prejudice for lack of subject matter jurisdiction. No costs are awarded.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH 2, 2015